IRENE MORTENSON, Plaintiff and Respondent, *v.* PAUL J. MORTENSON, Defendant and Appellant.

No. 9459.

Submitted May 4, 1955.   Decided July 12, 1955.

285 Pac. (2d) 834.

Jerry J. O'Connell and Gene B. Daly, Great Falls, for appellant.

Wuerthner & Wuerthner, Great Falls, for respondent.

Mr. O'Connell and Mr. Julius J. Wuerthner argued orally.

MR. CHIEF JUSTICE ADAIR:

Appeal from decree of divorce.

Irene Mortenson, on May 9, 1953, commenced this suit for divorce against her husband Paul J. Mortenson.

The husband, on June 19, 1953, appearing by counsel, interposed a general demurrer to the wife's complaint and made written demand for a bill of particulars.  The court overruled

the demurrer and, although not a proper case therefor, a bill of particulars was furnished.

Thereafter the husband filed an answer and cross complaint wherein he denies the charges of extreme cruelty made against him and prays that his wife take nothing and that he "be granted a decree of separate maintenance enabling him to live separate and apart from the Plaintiff."

On October 29, 1953, the parties, by their respective counsel, entered into a written stipulation that the suit "may be tried before Hon. J. W. Speer, sitting without a jury."

On Monday, May 24, 1954, at 2:00 o'clock p. m., the suit came on regularly for trial before the Honorable J. W. Speer, a district judge presiding in the district court of Cascade County, Montana, at which time Julius J. Wuerthner, Esq., appeared as counsel for the wife and Gene B. Daly, Esq., appeared as counsel for the husband.

At the opening of the trial defendant's said counsel interposed a motion "to either vacate the hearing at this time and try it later * * * on the basis that Mr. O'Connell [then Mr. Daly's law partner] is the counsel for the defendant in this case, and he checked Saturday noon with the clerk's office and was under the impression that a damage action would be tried ahead of this case today, which I understand had been settled today. Therefore, he is not able to be present in court and I have been taken by surprise. We do not have witnesses that are able to be here on such short notice, which are out of the State, and I would like the Court to consider that motion at this time. We are not able to proceed."

The wife's counsel opposed the granting of the above motion and represented to the court that plaintiff had in attendance two witnesses from Butte, Montana, and also the principal of one of the Great Falls schools for whom a substitute had to be obtained to enable such witness to attend the trial.

The record shows:

"The Court: Well, I talked with Mr. O'Connell Saturday and told him this case was set for trial and there would have to

be some stipulation before noon so I said I would call in Judge Hattersley if agreeable; otherwise, I would hear it myself and because no stipulation was made and no telephone call was made to me the motion now made by such counsel is not sufficient to grant a continuance in the case; therefore the case will have to proceed.''

As one of his three specifications of error the husband assigns the refusal of the trial judge to vacate the setting of the trial because of the absence from the trial of one of the husband's two attorneys of record herein.

The husband's counsel had ample notice in advance of the ▇ time set for the trial of this suit. If the husband had any defense thereto it was up to him and his counsel to come forward with his witnesses and proof and to do this on the day and at the time theretofore set by trial judge for the trial. The suit was then over a year old and we find no abuse of the discretion reposed in the trial judge in requiring the parties and their counsel to proceed at the time and on the day so assigned for the trial.

When the case was called it was represented to the trial judge that the original papers filed in the office of the clerk of the district court ''have been lost'' and that the clerk had no receipt from anyone covering the missing papers.

Thereupon the wife's counsel applied to the trial judge for leave to substitute and introduce carbon copies of the original papers and pleadings for the originals so ''lost'' whereupon Mr. Daly of counsel for the husband again asked for a further postponement of the trial which request was denied, the record thereon being as follows:

''Mr. Daly: At this time I would like to move the Court for additional time so that Mr. O'Connell can examine these substituted pleadings; he made the pleadings in the case. I am not qualified, not being the attorney for these people, to know whether or not these pleadings are accurate and correct, or what was in the file that was lost, and at this time I would like

to have the pleadings being used as substituted pleadings held up until such time as Mr. O'Connell can examine them.

"The Court: There is no excuse for Mr. O'Connell not being here; he knew this case was set and it was his duty to watch the calendar. I will deny the motion."

The husband specifies as error the action of the trial judge ▮ in proceeding to trial upon the substituted carbon copies of the papers and pleadings rather than the originals. There is no merit whatever in the specification. R. C. M. 1947, section 93-8702, provides: "If an original pleading or paper be lost, the court may authorize a copy thereof to be filed and used instead of the original." This statute supplied the authority for the trial judge to proceed with the trial on the substituted papers and pleadings.

At the time of the oral argument of the appeal before this court we were orally advised that the "missing" papers and file had subsequently "turned up" in the office of the clerk of the district court but that no one seems to know from whom or from whence they came and there is no showing that any prejudice resulted to anyone by the use of the carbon copies of the original papers contained in the clerk's file.

At the trial the wife and six other witnesses were sworn and testified on her behalf. Documentary evidence also was introduced. The husband's counsel introduced no evidence whatever in support of his answer and cross complaint. After hearing all the evidence in the case the trial court gave and entered its decree dissolving the bonds of matrimony and granting to the plaintiff Irene Mortenson an absolute decree of divorce from the defendant Paul J. Mortenson.

On his appeal to this court the husband's counsel contends that the district court did not have jurisdiction to make and enter such decree of divorce in that the wife "had failed to prove that she was a resident of the State of Montana for one year next preceding the commencement of her action on May 9, 1953, as required by Sec. 21-134, R. C. M. 1947."

294

As before shown the trial of this divorce suit was had on Monday the 24th day of May 1954.

At the trial the witness Olaf Dale, who resides at 705 Twenty-first Street North in Great Falls, Montana, testified that he had then known the plaintiff Irene Mortenson three or four years. He further testified: "Q. You know she has been a resident of Great Falls, Montana for at least three or four years, do you? A. Yes sir."

The witness Andrew E. Nelson testified as follows:

"Q. You may state your name? A. Andrew E. Nelson.

"Q. Where do you live? A. 118 Seventh Street South.

"Q. How long have you lived in Great Falls? A. At least twenty years.

"Q. Are you acquainted with the plaintiff, Mrs. Irene Mortenson? A. Yes.

"Q. How long have you known her? A. Four years or more.

"Q. Do you know that during that time she has been a resident of the City of Great Falls, State of Montana? A. I do.

"Q. Are you also acquainted with the defendant, Paul Mortenson? A. Yes.

"Q. How long have you known him? A. About the same length of time."

The plaintiff Irene Mortenson testified that she and the defendant Paul J. Mortenson were married on June 2, 1924, at Glendive, Montana, and that continuously from that date to May 24, 1954, being the date of the trial, the two were husband and wife; that at the time of the trial she resided at 412 Fifth Avenue North and that ever since 1944 she owned and conducted the Johnson Hotel Beauty Shop.

Plaintiff further testified: "Q. How long have you been a resident of the State of Montana? A. Since 1909 with exception of a little over a year I was living out of the State. Q. You have had a bona fide residence in Montana for a period of more than one year before you started this action, is that true? A. Yes. Q. That is correct? A. Yes sir."

In view of the undisputed evidence in the record before us it is idle to contend that the plaintiff wife "had failed to prove that she was a resident of the State of Montana for one year next preceding the commencement of her action on May 9, 1953."

We find no error in the record and no merit in the appeal.

It is ordered that the judgment and decree of the district court be and the same are affirmed and that remittitur issue forthwith.

MR. JUSTICES ANGSTMAN, DAVIS, ANDERSON and BOTTOMLY, concur.